ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN ATTORNEY GENERAL OPINION IN WHICH YOU ASKED, IN EFFECT:
 1. MAY THE OKLAHOMA MEDICAL CENTER PURCHASE SUPPLIES WITHOUT COMPLYING WITH THE OKLAHOMA CENTRAL PURCHASING ACT?
 2. MAY THE OKLAHOMA MEDICAL CENTER DELEGATE ITS PURCHASING AUTHORITY TO THE UNIVERSITY HOSPITAL CONSORTIUM, A NON-GOVERNMENTAL ENTITY?
 3. MAY THE OKLAHOMA MEDICAL CENTER SELECTIVELY CHOOSE VENDORS TO WHOM IT WISHES REQUESTS FOR COMPETITIVE BIDS BE SUBMITTED?
 4. MAY A STATE EMPLOYEE RECEIVE FROM AN OUTSIDE PARTY DOING BUSINESS WITH THE OKLAHOMA MEDICAL CENTER, ANY GIFT OR OTHER THING OF VALUE WHICH MIGHT MAKE POSSIBLE A PERSONAL GAIN TO THAT EMPLOYEE BECAUSE OF THE EMPLOYEE'S ABILITY TO INFLUENCE DEALINGS OR RENDER THE EMPLOYEE PARTIAL TOWARD THE OUTSIDE PARTY?
BECAUSE YOUR QUESTIONS MAY BE ANSWERED BY A REVIEW OF THE APPLICABLE STATUTES, THIS OFFICE HAS DETERMINED THAT THIS REQUEST SHOULD BE ANSWERED IN AN INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
I. PRODUCT PURCHASES BY THE OKLAHOMA MEDICAL CENTER ARE EXEMPT FROM THE REQUIREMENTS OF THE OKLAHOMA CENTRAL PURCHASING ACT, 74 O.S. 1991, 85.1 ET SEQ.
THE OKLAHOMA MEDICAL CENTER ("OMC") WAS CREATED BY LEGISLATIVE ENACTMENT PURSUANT TO 56 O.S. 300 AND 56 O.S. 401 ET., AND IS OVERSEEN BY THE COMMISSION ON HUMAN SERVICES.' THE OMC INCLUDES THE OKLAHOMA MEMORIAL HOSPITAL, THE CHILDREN'S HOSPITAL OF OKLAHOMA, THE O'DONAGHUE REHABILITATION INSTITUTION AND THE CHILD STUDY CENTER. ID.
THE UNIVERSITY HOSPITAL CONSORTIUM IS A NON-PROFIT CORPORATION COMPRISED OF MORE THAN FIFTY-FIVE TEACHING HOSPITALS, SUCH AS THOSE THAT COMPRISE THE OMC, AND WAS ORGANIZED TO CONDUCT COOPERATIVE PURCHASES OF GOODS FOR MEMBER HOSPITALS. INFORMATION PROVIDED FROM THE OMC INDICATES THAT THE OMC PURCHASES GOODS FOR ITS USE THROUGH THE CONSORTIUM, NOT FROM IT. FURTHER, INFORMATION ABOUT THE CONSORTIUM REFLECTS THAT MEMBERS PAY DUES TO THE CONSORTIUM AND ARE REQUIRED TO TAKE AN ACTIVE ROLE IN ITS OPERATIONS AND DIRECTION.
YOUR FIRST QUESTION IS WHETHER THE OMC MAY PURCHASE SUPPLIES OUTSIDE OF THE REQUIREMENTS OF THE OKLAHOMA CENTRAL PURCHASING ACT, 74 O.S. 85.1 (1991) ET SEQ. IN GENERAL, EVERY AGENCY OF THE STATE IS REQUIRED TO "ACQUIRE ALL CONTRACTUAL SUPPLIES, SERVICES, EQUIPMENT, OR MATERIALS USED, CONSUMED OR SPENT BY SUCH AGENCY . . . BY THE PRESENTATION OF REQUISITIONS FOR SUCH SERVICES, SUPPLIES, MATERIALS, OR EQUIPMENT TO THE PURCHASING DIVISION" OF THE OFFICE OF CENTRAL SERVICES. 74 O.S. 85.4 (1991). HOWEVER, THE OMC HAS BEEN GIVEN A PARTIAL EXEMPTION BY THE LEGISLATURE FROM COMPLYING WITH THE REQUIREMENTS OF THE CENTRAL PURCHASING ACT. TITLE 74 O.S. 85.12 (1992), PROVIDES, IN PART:
 "B. THE FOLLOWING ACQUISITIONS SHALL NOT BE INCLUDED WITHIN THE PURVIEW OF THE OKLAHOMA CENTRAL PURCHASING ACT, SECTION 85.1 ET SEQ. OF (TITLE 74 OF THE OKLAHOMA STATUTES):
* * * * *
 7. PURCHASES OF PRODUCTS BY OKLAHOMA MEDICAL CENTER. THE COMMISSION FOR HUMAN SERVICES SHALL DEVELOP STANDARDS FOR THE PURCHASE OF PRODUCTS AND MAY ELECT TO UTILIZE CENTRAL PURCHASING WHEN APPROPRIATE. SUCH STANDARDS SHALL FOSTER ECONOMY, SHORT RESPONSE TIME, AND INCLUDE APPROPRIATE SAFEGUARDS TO ASSURE APPROPRIATE COMPETITION AND ECONOMICAL AND EFFICIENT PURCHASING(.)"
"PRODUCTS," UNDER THE CENTRAL PURCHASING ACT, ARE DEFINED AS "SOME QUANTITY OF OR KIND OF . . . SUPPLIES, MATERIALS AND EQUIPMENT." 74 O.S. 85.2 (1992). "SUPPLIES," "MATERIALS," AND "EQUIPMENT" HAVE ALSO BEEN DEFINED BY THE LEGISLATURE AND RELATE IN GENERAL TO PERSONAL PROPERTY USED BY AN AGENCY. ID. THIS WOULD APPEAR TO GRANT A BROAD EXEMPTION TO THE OMC TO PURCHASE VARIOUS PRODUCTS FOR ITS USE OUTSIDE OF THE COMPETITIVE BID REQUIREMENTS OF THE CENTRAL PURCHASING ACT. HOWEVER, THE COMMISSION ON HUMAN SERVICES MUST DEVELOP STANDARDS FOR PURCHASES BY THE OMC. PURCHASES OTHER THAN FOR PRODUCTS, AS DEFINED UNDER THE CENTRAL PURCHASING ACT, WOULD HAVE TO BE MADE PURSUANT TO THAT ACT. (FOR EXAMPLE, NONPROFESSIONAL SERVICES, AS DEFINED BY 74 O.S. 85.3(11) OF THE CENTRAL PURCHASING ACT.)
YOUR LETTER TO THIS OFFICE SPECIFICALLY REQUESTED WHETHER THE OMC WAS REQUIRED TO COMPLY WITH THE NOTARIZATION REQUIREMENTS OF 74 O.S. 85.22 AND 74 O.S. 85.23 OF THE CENTRAL PURCHASING ACT. A PLAIN READING OF THE EXEMPTION REFLECTS THAT THE EXEMPTION GRANTED TO THE OMC BY 74 O.S. 85.12 RELATES TO ALL SECTIONS OF THE CENTRAL PURCHASING ACT. THEREFORE, THE OMC DOES NOT HAVE TO COMPLY WITH THOSE NOTARIZATION REQUIREMENTS.
II. THE OMC HAS BEEN GIVEN THE A AUTHORITY TO JOIN COOPERATIVE VENTURES AND ORGANIZATIONS FOR THE BENE IT OF THE HOSPITAL.
YOUR SECOND QUESTION IS WHETHER THE OMC MAY DELEGATE ITS PURCHASING POWERS TO THE UNIVERSITY HOSPITAL CONSORTIUM.
STATE AGENCIES, BOARDS AND COMMISSIONS HAVE SUCH POWERS AS ARE CONFERRED UPON THEM BY LAW AND SUCH AS MAY BE FAIRLY IMPLIED FROM THE STATUTE GRANTING EXPRESS POWERS. MARLEY V. CANNON, 618 P.2D 401 (OKLA.1980). HOWEVER, AN AGENCY, BOARD OR COMMISSION HAS NO AUTHORITY TO DELEGATE AUTHORITY OR FUNCTIONS WHICH MAY BE EXERCISED ONLY BY THE STATE ENTITY. ANDERSON V. GRAND RIVER DAM AUTHORITY, 446 P.2D 814 (OKLA.1968).
OMC HAS NOT BEEN GIVEN STATUTORY POWER TO DELEGATE ITS AUTHORITY OR FUNCTIONS, AND SO IT CANNOT. HOWEVER, IT HAS BEEN GIVEN THE POWER TO ENTER INTO COOPERATIVE VENTURES AND TO JOIN OR SPONSOR MEMBERSHIP IN ORGANIZATIONS OR ASSOCIATIONS INTENDED TO BENEFIT THE HOSPITAL. 56 O.S. 413 (1991). SECTION 413 SETS FORTH THE POWERS AND DUTIES OF THE OMC, AS FOLLOWS:
 "A. THE OKLAHOMA MEDICAL CENTER, UNDER THE DIRECTION OF THE OKLAHOMA COMMISSION FOR HUMAN SERVICES, SHALL HAVE THE AUTHORITY TO:
 1. ENTER INTO AGREEMENTS WITH OTHER HEALTH CARE PROVIDERS TO SHARE SERVICES OR TO PROVIDE A TANGIBLE BENEFIT TO THE HOSPITALS, AND INTO OTHER COOPERATIVE VENTURES;
 2. JOIN OR SPONSOR MEMBERSHIP IN ORGANIZATIONS OR ASSOCIATIONS INTENDED TO BENEFIT THE HOSPITALS;
3. ENTER INTO PARTNERSHIPS;
 4. HAVE MEMBERS OF ITS GOVERNING AUTHORITY OR ITS OFFICERS OR ADMINISTRATORS SERVE WITHOUT PAY AS DIRECTORS OR OFFICERS OF ANY SUCH VENTURE. ORGANIZATION, OR PARTNERSHIP; AND
 5. OFFER, DIRECTLY OR INDIRECTLY, PRODUCTS AND SERVICES OF THE HOSPITALS OR ANY SUCH VENTURE, ORGANIZATION, OR PARTNERSHIP TO THE GENERAL PUBLIC.
 B. ALL AGREEMENTS AND OBLIGATIONS UNDERTAKEN, AS PERMITTED UNDER THIS SECTION, BY THE OKLAHOMA MEDICAL CENTER SHALL BE FOR A PUBLIC PURPOSE. IN ADDITION, THE FOLLOWING CONDITIONS SHALL APPLY TO CONTRACTUAL AGREEMENTS ENTERED INTO UNDER THIS AUTHORITY:
 1. PRIVATE AND PUBLIC FUNDS SHALL BE ACCOUNTED FOR SEPARATELY;
 2. THE STATE DOES NOT ASSUME ANY LIABILITY FOR PRIVATE ENTITIES;
 3. THE COMMERCIAL VENTURES OR ENTERPRISES WITH WHICH THE OKLAHOMA MEDICAL CENTER ESTABLISHES A CONTRACTUAL RELATIONSHIP PURSUANT TO THIS ACT MUST HAVE A PUBLIC OR QUASI-GOVERNMENTAL PURPOSE; AND
 4. THE AUTHORITY GRANTED HEREIN SHALL NOT AUTHORIZE WITHOUT FURTHER LEGISLATIVE APPROVAL, ENTRY INTO A CONTRACT FOR LEASE OR MANAGEMENT OF THE OKLAHOMA MEDICAL CENTER."
(EMPHASIS ADDED.)
WHILE THE OMC CANNOT DELEGATE ITS AUTHORITY, THE LEGISLATURE HAS EXPLICITLY PROVIDED THAT THE OMC MAY ENTER INTO COOPERATIVE VENTURES OR JOIN ORGANIZATIONS AND ASSOCIATIONS INTENDED TO BENEFIT THE HOSPITALS. 56 O.S. 413 (1991).
III. OMC MUST DEVELOP STANDARDS FOR THE PURCHASE OF PRODUCTS CONSISTENT WITH THE REQUIREMENTS OF 74 O.S. 85.12 (1991).
IN YOUR THIRD QUESTION YOU ASK WHETHER THE OMC MAY SELECTIVELY CHOOSE VENDORS TO WHOM IT WISHES REQUESTS FOR COMPETITIVE BIDS BE SUBMITTED. BECAUSE OMC HAS BEEN GRANTED AN EXEMPTION FROM THE CENTRAL PURCHASING ACT, IT IS NOT NECESSARY FOR OMC TO COMPLY WITH COMPETITIVE BID REQUIREMENTS. STILL, 74 O.S. 85.12 (1992) SPECIFIES CERTAIN SAFEGUARDS FOR THE STANDARDS DEVELOPED BY THE COMMISSION ON HUMAN SERVICES FOR PURCHASES OF PRODUCTS BY OMC: TO-WIT, "TO ASSURE APPROPRIATE COMPETITION AND ECONOMICAL AND EFFICIENT PURCHASING(.)" (EMPHASIS ADDED.)
THE GOAL OF STATUTORY CONSTRUCTION IS TO SEEK AND GIVE EFFECT TO THE EXPRESSED LEGISLATIVE INTENT. STATE EX REL. CARTWRIGHT V. GEORGIA-PACIFIC COTP, 663 P.2D 718 (OKLA.1982). THERE IS NO ROOM FOR STATUTORY CONSTRUCTION WHEN THE LEGISLATURE PLAINLY EXPRESSES ITS INTENT. HUGHES DRILLING V. MORGAN, 648 P.2D 32 (OKLA.1982).
FROM THE INTENT EXPRESSED IN 74 O.S. 85.12, IT IS MY OPINION THAT OMC IS NOT REQUIRED TO COMPLY WITH COMPETITIVE BID REQUIREMENTS OF THE CENTRAL PURCHASING ACT AND MAY SELECT ITS VENDOR CONSISTENT WITH THE LIMITATIONS SET FORTH BY THE LEGISLATURE IN THAT SECTION AS DEVELOPED IN THE STANDARDS CREATED BY THE COMMISSION ON HUMAN SERVICES.
IV. STATE EMPLOYEES ARE SUBJECT TO ETHICAL STANDARDS EXPRESSED IN THE OKLAHOMA ETHICS COMMISSION ACT, 74 O.S. 4200 ET SEQ.
YOUR FOURTH QUESTION CONCERNS THE PRACTICE OF THE DIRECTOR OF OMC TO ACCEPT FREE TRAVEL AND ACCOMMODATIONS FROM THE UNIVERSITY HOSPITAL CONSORTIUM TO ATTEND MEETINGS OF THE CONSORTIUM AS A MEMBER THEREIN. MEMBERS ARE PROVIDED FREE AIR TRAVEL AND ACCOMMODATIONS AS AN INDUCEMENT TO ATTEND MEETINGS IN ORDER TO MANAGE THE CONSORTIUM.
THE OKLAHOMA ETHICS COMMISSION ACT, 74 O.S. 4200 ET SEQ., SETS FORTH ETHICAL STANDARDS FOR STATE OFFICIALS AND EMPLOYEES. SECTION 4241 PROVIDES IN PART:
"A. NO STATE EMPLOYEE SHALL:
 DIRECTLY OR INDIRECTLY SOLICIT OR ACCEPT ANY COMPENSATION, GIFT, LOAN, ENTERTAINMENT, FAVOR OR SERVICE GIVEN FOR THE PURPOSE OF INFLUENCING SUCH EMPLOYEE IN THE DISCHARGE OF HIS OFFICIAL DUTIES. PROVIDED, HOWEVER, THAT THIS SECTION SHALL NOT APPLY TO BONA FIDE CAMPAIGN CONTRIBUTIONS(.)"
WILLFUL VIOLATION OF 74 O.S. 4241 CONSTITUTES A MISDEMEANOR PUNISHABLE BY FINE AND/OR IMPRISONMENT. 74 O.S. 4245.2 (1991)
IN ADDITION, THE OKLAHOMA SUPREME COURT HAS STRESSED THE NEED FOR STATE EMPLOYEES TO COMPLY WITH BOTH THE LETTER AND THE SPIRIT OF THE LAW. IN WESTINGHOUSE ELECTRIC CORPORATION V. GRAND RIVER DAM AUTHORITY, 720 P.2D 713 (OKLA.1986), THE COURT STATED:
 "GOVERNMENT OFFICIALS AND EMPLOYEES MUST EXERCISE GREAT CARE TO AVOID EVEN THE APPEARANCE OF IMPROPRIETY IN THEIR DUTIES; FOR THEY, LIKE CAESAR'S WIFE, MUST BE ABOVE REPROACH."
WESTINGHOUSE, AT 716.
MOREOVER, THE COURT NOTED THAT IT IS THE:
 "(P)UBLIC POLICY OF THE STATE . . . THAT NO STATE OFFICER OR EMPLOYEE MAY ENGAGE IN ANY TRANSACTION WHICH IS IN SUBSTANTIAL CONFLICT WITH THE PROPER DISCHARGE OF PUBLIC DUTIES OR PUBLIC INTEREST."
WESTINGHOUSE, AT 718.
HOWEVER, BECAUSE 74 O.S. 4241 IS PENAL IN NATURE, IT MUST BE CONSTRUED STRICTLY AGAINST THE STATE AND LIBERALLY IN FAVOR OF AN ACCUSED. SEE GENERALLY, STATE V. HUMPHREY, 620 P.2D 408 (OKL.CR.1980).
IN THE SCENARIO YOU RELATED IN THE MATERIALS SENT TO THIS OFFICE, AN OFFICIAL OF OMC RECEIVES, AS PART OF OMC'S MEMBERSHIP IN THE UNIVERSITY HOSPITAL CONSORTIUM, FREE AIR TRAVEL AND ACCOMMODATIONS TO ATTEND CONSORTIUM MEETINGS RELATED TO OMC'S MEMBERSHIP THEREIN. THIS IS APPARENTLY CONTEMPLATED IN THE DETERMINATION OF THE AMOUNT OF OMC'S MEMBERSHIP DUES IN THE CONSORTIUM AND IS USED AS AN INDUCEMENT TO HAVE THAT OFFICER ATTEND CONSORTIUM MEETINGS IN ORDER TO MANAGE THE CONSORTIUM PROPERLY. FURTHER, IT MAY HAVE BEEN CONTEMPLATED BY THE LEGISLATURE IN ITS ENACTMENT OF 56 O.S. 413(A)(4), WHICH ALLOWS MEMBERS OF OMC'S GOVERNING AUTHORITY OR ITS OFFICERS OR ADMINISTRATORS TO SERVE WITHOUT PAY AS DIRECTORS OR OFFICERS OF ANY AUTHORIZED VENTURE, ORGANIZATION OR PARTNERSHIP.
A STRICT READING OF 74 O.S. 4241 STATES THAT A STATE EMPLOYEE MAY NOT SOLICIT OR ACCEPT ANY COMPENSATION, GIFT, LOAN, ENTERTAINMENT, FAVOR OR SERVICE GIVEN FOR THE PURPOSE OF INFLUENCING SUCH EMPLOYEE IN THE DISCHARGE OF HIS OFFICIAL DUTIES. WHETHER FREE AIR TRAVEL AND ACCOMMODATIONS WERE GIVEN TO THE OMC OFFICIAL IN QUESTION FOR THE PURPOSE OF INFLUENCING HIM, AND SO VIOLATE 4241, IS A QUESTION OF FACT WHICH CANNOT BE ANSWERED IN AN ATTORNEY GENERAL OPINION.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT:
 1. THE OKLAHOMA MEDICAL CENTER MAY PURCHASE SUPPLIES WITHOUT COMPLYING WITH THE OKLAHOMA CENTRAL PURCHASING ACT;
 2. THE OKLAHOMA MEDICAL CENTER MAY JOIN THE UNIVERSITY HOSPITAL CONSORTIUM PURSUANT TO 56 O.S. 413 (1991), AND SUCH MEMBERSHIP DOES NOT CONSTITUTE A DELEGATION OF PURCHASING AUTHORITY;
 3. THE OKLAHOMA MEDICAL CENTER MAY, PURSUANT TO 74 O.S. 85.12 (1992), SELECTIVELY CHOOSE VENDORS TO WHOM IT WISHES REQUESTS FOR COMPETITIVE BIDS TO BE SUBMITTED, CONSISTENTLY WITH STANDARDS DEVELOPED BY THE COMMISSION; AND
 4. A STATE EMPLOYEE MAY NOT, PURSUANT TO 74 O.S. 4241 (1992), ACCEPT ANY COMPENSATION, GIFT, LOAN, ENTERTAINMENT, FAVOR OR SERVICE GIVEN FOR THE PURPOSE OF INFLUENCING THAT EMPLOYEE. WHETHER A PARTICULAR STATE EMPLOYEE MAY RECEIVE FROM AN OUTSIDE PARTY DOING BUSINESS WITH THE OKLAHOMA MEDICAL CENTER, DIRECTLY OR INDIRECTLY, ANY COMPENSATION, GIFT, LOAN, TRAVEL, ENTERTAINMENT, FAVOR, SERVICE, OR PARTICIPATE DIRECTLY OR INDIRECTLY IN A RELATIONSHIP WITH AN OUTSIDE PARTY AS YOU HAVE DESCRIBED CONSTITUTES A QUESTION OF FACT FOR WHICH THIS OFFICE CAN PROVIDE NO OPINION.
(JAMES ROBERT JOHNSON)
NOTE: OPINION NO. 86-148/51 O.S. 2/ARTICLE XV, SECTION 1/CONFLICT OF INTEREST